* Jackson, J.
(3). By our laws, the probate of a will is conclusive with regard to lands devised, in the same manner as it is with regard to chattels. If, therefore, this will had been originally proved and allowed in a probate court in this commonwealth, its validity could not afterwards have been questioned in a suit at law between the heir and devisee.
When a will is originally proved and allowed in any other state or country, according to the laws of such country, the filing and recording of a copy in our Probate Court, in the manner prescribed by the statute, is of the same force and effect, as if the original had been proved and allowed here. If may be added, that a will purporting to dispose of both real and personal estate, and not so attested and subscribed as to pass real estate, cannot, by our laws, be allowed as a testament of personal estate only. This short view of the case seems conclusive in favor of the demandants.
It is true, the same statute provides that nothing therein coniain ed shall be construed to make valid any will, that is not attested *365 and subscribed in the manner directed by our laws; and it was contended that the will in question was not so attested and subscribed.
This objection, if well founded, ought to have been shown in the Probate Court, and would have been sufficient to prevent the filing and recording of the will. The statute prescribes the notice to be given by the judge of probate, and the time allowed for all persons interested to appear and show cause against the allowance of the will; and these requisitions were complied with in the present case. It seems very clearly the intent of the statute that this, and every other objection to the validity of the will, should be heard and determined in the course of that proceeding in the Probate Court. This is in accordance with the whole tenor and system of our laws on this subject. * There is no case in our [ * 442 ] jurisprudence in which the due execution of a will, the sanity of the testator, the attestation of the witnesses, or any question of that kind, can be tried in a court of common law. A will without the probate is of no avail; with the probate it is conclusive, in any action at common law, in which the question of a devise may arise.
In the present case, we have the best authority for believing that the witnesses were competent in New Hampshire, because the will has been proved and allowed in the highest court of law in that jtate. From the report of that case in Adams’s New Hampshire Reports, 273, Eustis vs. Parker, it appears that persons having no other interest, but as inhabitants of a public corporation, such as a town, county, &.C., are competent witnesses in any case, in which such corporation is a party. It seems that, by the laws of that state, the witnesses were not considered as having any personal interest in the property of the corporation; and their liability to be taxed, with the chance of diminishing the amount of their taxes, was not such an interest as to render them incompetent. As their supposed interest arises wholly under the laws of New Hampshire, depending on their rights and their liabilities as members of a corporation in that state, it might, perhaps, be said that the nature and effect of that interest ought also to be judged of according to their laws. But it is not necessary for us to consider that point, nor to determine whether the witnesses would have been competent in the Probate Court in this state. If the heirs had appealed from the decree of that court, it would have brought this question before us, as the Supreme Court of Probate. But the present action depends, not on the validity of the will, in the sense in which those words are used in the statute before referred to, but on the sufficiency of the probate. If it could be shown that the probate was a mere nullity, it would undoubtedly *366 be fatal to the title of the devisees; but as the judge of [ * 443 ] probate proceeded regularly, *in the matter within his jurisdiction, his decree is conclusive in their favor.

Tenant defaulted.

 The chief justice, being related to one of the parties in interest, did not sir in tnis cause.