Mr Justice Thompson
 

 delivered the opinion of the Court.
 

 This case comes up on appeal from the district court' of the United States for the southern, district of Alabama.
 

 
 *177
 
 The pleadings are very inartificially drawn, and do not, probably, present the case in such a manner as to enable the'court to dispose of all the questions intended to be brought , under consideration.
 

 The bill sets out that Richard Tarver, late of the county of Dallas, and state of Alabama, departed this life,-in that county, in the year 1827, leaving at the time of his.death a'large real and personal estate, and leaving three sisters and the defendant, Benjamin Tarver, his sole heirs at law. That the said Richard ■ Tarver, in the year 1819, being a citizen of Georgia,, and pos- , sessed of a large estate in lands, made a
 
 conditional will.,
 
 in which he recites that being aboút to take a long journey, and knowing the uncertainty of life, he deemed it advisable to make a will; and thereby declared that he left all his estate, real and personal, to his brother Benjamin Tarver. And making some small provision for his sister Mason Gilliam, and her son John, all which will more fully appear by a copy of the supposed will attached to the bill, and which is prayed tó bé considered as a part thereof. The bill alleges that the said Richard Tafver performed the journey, and returned safe. Some statements are then made with respect to the property of the deceased; and the bill alleges thatheand the defendant, Benjamin J. Tarver, lived together, and-employed their capital, of. every description, jointly. That Benjamin, on the decease of his brother,. took possession of all his estate. That the said supposed • will purports to be attested by sundry persons as witnesses; the survivor of whom resides in the state of Georgia. That the said Benjamin carried the supposed will before the county court of Dallas county; and upon the proof of the handwriting of two of the subscribing witnesses, who are dead, the other still living in the state of Georgia, the will was admitted to probate, and the bill alleges that such probate is void. The bill then prays, that the will may be cancelled, and the estate distributed according to the laws of Alabama ;'Jand that the defendant may set forth the full amount of the property of the said Richard, not only what he had at- the time pf his death, but what he had at the date of the supposed will, describing the property at each of these times particularly. ■ An amended bill was afterwards filed, stating that the defendant was attempting to set up said will; and charging that it was conditional in its inception,
 
 *178
 
 and that the condition on which it was to take effect has not happened.
 

 Several answers were filed in consequence of exceptions taken and allowed by the court. These answers contain much matter not responsive to the bill, and which was not properly before the court. But it is denied that there was any condition annexed to the will, other than is shown by the will itself, The defendant admits that he procured the will to be proved and admitted to record in the orphan’s court of Dallas county. And alleges that the probate of'said will remains in full force, not revoked, or in any manner set aside; and which he is informed, and believes is in all respects legal. And prays the benefit of the answers as a demurrer to the bill. The court decreed a distribution of the estate among the legal representatives of the deceased; and the cause, comes here for review.
 

 The questions put in issue by the pleadings, are :
 

 1. Whether Richard Tarver, at his decease, left the will in question as a valid and operative will.
 

 (2. Whether such will was duly admitted to record in Dallas county.
 

 It is a little remarkable, that the final decree in the cause, does not touch either of these questions put in issue by the pleadings ; but proceeds at once, on the report of the master, to make distribution of the estate among the heirs at law of the deceased. The judge in his opinion, does notice these questions; but does not decide whether- the will.was conditional, and bad become inoperative, by reason that the contingency on which it was to take effect'had not happened; but puts his decision upon the ground that the defendant was bound to establish the will; and that this could be done in no other way than by the production of a valid probate. He observes that this proceeding is instituted to set aside the will of Richard Tarver, and no title which the respondent may have to. the property of his deceased brother, can be set up in this suit, except such as may be derived from the will. That if the complainants had even admitted the existence of the will of Richard Tarver, yet it would be indispensable to the title set up by the respondents, through that will, to show that it had been duly admitted to probate, by the proper orphan’s court. The judge then goes into an examination, whether the will
 
 *179
 
 had been duly admitted to probate, and coming to the conclusion that it had not; he declares that it does not therefore appear to this court that Richard Tarver made any will. He seems to rest his opinion upon the decision of this court, in the ■ case of Armstrong v. Lear, 12 Wheat. 175; where it is said that we cannot receive any other evidence of there being a will, than such as would be' sufficient in all other cases, where titles are derived under a will; and nothing but the probate, or letters of administration, with the will annexed, are legal evidence of the will in all questions respecting person- ' alty. But the rule as there laid down, does not apply to this case. There the complainant set up the will as the source of his title, and was bound to prove it ;■ which must be done, say the court, by the probate, which must be set forth in the bill. But in the present cáse the inquiry was, whether the instrument in question was a valid will or not; and the complainant h¿d set put a copy of that instrument for the purpose of showing that it was not a-valid subsisting will, because it appeared upon the face of it to be conditional, and then to show that such condition or contingency had never happened.. The defendant was nqt the actor, seeking to enforce' any right . under the will. ' And he could be under no obligation to produce any probate. The complainant having set out the will, every thing by his own showing was before the court ’ that was necessary to present the question which was to be decided. There was no evidence impeaching this will, except what appears on the face of it, and is rested entirely on the introductory part of it. It begins in this manner. “ Being about to travel a considerable distance, and knowing the uncertainty of life, think it advisable to make some disposition of my estate, do make this my last will and testament, &c.”
 

 And it is contended that the condition upon which the instrument was to take effect, as a will, was his dying on the jotirney, and not returning home again. But such is a very strained construction of the instrument; and by no means warranted. It is no condition, but only assigning the reason why he made his will a.t that time. But the instrument’s taking effect as a will, is not made, at all, to dopeud- upon the even! of his return or not from his journey. There is no colour therefore for annulling this will on the ground that, it was conditional.
 
 *180
 
 And tbe bill cannot be sustained on the allegation that the probate is'void. An original bill will not lie for this purpose. If any error was committed in admitting the will to probate, it should have been corrected by appeal. ■ This is provided for by the law of Alabama, which makes the county court in each county an orphan's court for taking the probate of wills, &c. and declares that if any person shall be aggrieved by a definitive sentence, or judgment, or final decree of the said orphan’s court, he may appeal therefrom to the next term of the supreme court in chancery, or in the district of Washington, to the superior court of- that district. The law also provides, that any person interested in such will, may, within five years from the time of the first probate thereof, file a bill in chancery to contest the validity of the same ; and the court of chancery may thereupon direct an issue or issues in fact, to be tried by a jury, as in other cases. But that after the expiration of five years," the original probate of any will shall be conclusive and binding upon all parties concerned ; with the usual savings to infants, femes covert, &c. Toulmin’s Dig. 887. We ihink nothing has been shown to impeach or invalidate this will; and that the bill cannot be sustained for the purpose of avoiding the probate. That should have been done, if at all, by an appeal, according to the provisions of the law of Alabama. We do not enter at all into an inquiry as to the operation of this will, with -respect to the property that will pass by it, nor touching the right by survivorship, as set up hy the defendant in the court below. These questions are not properly before us upon the pleadings in the cause, or presented in such a manner as to enable us satisfactorily to dispose of those questions. We think, therefore, that the decree of the .court below must be reversed, and the bill dismissed without prejudice; so as not to preclude the appellees from asserting their right to any part of the property, if any such there be, which does not pass under the will of Richard Tarver.
 

 The decree of the district court is accordingly reversed; and the bill dismissed without prejudice
 

 This cause came on to be heard on the transcript .of the record from the district court of the United States for the south-
 
 *181
 
 era district of Alabama, and was argued by counsel.; on consideration whereof, it is ordered and decreed by this court, that the decree of the said district court in this .cause be, and the same is hereby reversed and annulled, and that this cause be, and the same is hereby remanded to the said district court, with directions to that court to dismiss the bill of the complainants without prejudice.