### DANIEL CRIPPEN *vs.* ALMIRA C. DEXTER.

A decree of a probate court of another state, admitting to probate a will within its jurisdiction, is conclusive evidence, if duly authenticated, of the validity of the will, upon an application to prove it in this state; even when no notice of the offer of the will for probate was given, if by the law of that state no such notice was required.

SHAW, C. J.   This is an appeal from the decree of the judge of probate, allowing a copy of the will of Beulah Crippen, deceased, proved and allowed by the probate court for the District of Salisbury and State of Connecticut, together with an authenticated copy of the probate thereof, to be filed in the probate court of this county, and letters testamentary to be issued thereon.   The case comes before this court upon the report of Mr. Justice Dewey, by whom the appeal has been heard.

It appears that Daniel Crippen, the appellant, is the son and heir of the testator; it does not appear whether his domicil is in Connecticut; but we think it was argued upon the assumption that it was not.   It is conceded that there is real estate in the county of Berkshire, on which this will, if established, will operate.

The following is a synopsis of the reasons of appeal : 1. The will is not the last will of said Beulah ; 2. She was not of sound mind; 3. Undue influence ; 4. The undue influence of Almira C. Dexter, who now seeks to have the will recorded; 5. The will was never duly allowed and proved in Connecticut; 6. No notice of the probate was given to the heirs or others; 7. The will was not duly and legally made, executed, proved and allowed in Connecticut or this state; 8. The copy was not duly authenticated ; 9. No proof of any estate on which this

will would operate ; 10. Generally, that all the orders and proceedings were erroneous.

It has long since been determined, as the law of this commonwealth, that one probate of a will only shall be allowed or admitted, as well in its operation upon devises of real estate, as on bequests of personal. In this last respect, it varies from the rule of the common law, which makes a marked distinction between a will of real, and one of personal estate.

The importance of making proof of a will, once for all, and for all purposes, must be obvious. It determines the *status*, if it may be so called, the condition of a deceased person's estate. It must be settled as an estate testate or intestate. The establishment of the one necessarily excludes the other. The modes of administration are so distinct, from the commencement to the termination, operating upon the same property, real and personal, administering the same assets, that it is impossible that an estate should be settled partly by an executor under a will, and partly by an administrator under an intestacy. The same principle is acted upon by the English law, with the exception of devises of real estate, which are regarded as a species of conveyance, because real estate is in no respect under the jurisdiction of the ecclesiastical court, which has the exclusive jurisdiction of the probate of wills and the settlement of estates. But it is otherwise in Massachusetts. It is therefore distinctly provided by our law that a will proved in any county, either by a decree of the probate court, unappealed from, or by a decree of the supreme court of probate on appeal, is final and conclusive in regard to all property within the Commonwealth or under its jurisdiction.

It has been the policy of this commonwealth, for the like reason, to give force and effect to a will made and executed in other states, when there is property in this state on which it may operate. It is therefore provided, by the Rev. Sts. *c.* 62, §§ 17–20, that a will proved in another state, with the probate thereof duly authenticated, may be presented to the court of probate of this state ; and after notice, hearing, and due proceedings thereon, if it shall appear to the judge that it ought to be allowed, it may be received and ordered to be recorded ; with

this proviso, that this statute shall not be so construed as to make valid any will, not executed, attested and subscribed in the manner prescribed by the laws of this state. But even this last exception has been repealed by *St.* 1843, *c.* 92. This law gives the same force and effect to a foreign, as to a domestic · will, if made in conformity with the laws of the state or country where it was executed, and which might be proved and allowed according to the laws of such state or country. *Bayley* v. *Bailey,* 5 Cush. 245.

This statute gives effect to the will of any inhabitant of this commonwealth made in any other state or country, and also to the will of an inhabitant of any other state or country, not made in this commonwealth, and authorizes an original probate thereof, in case there is property in this commonwealth on which it may operate.

This statute does not in terms apply to a will made and proved in another state or country; but with other acts of legislation, it tends to confirm a general course of policy, to consider one effectual probate of a will, whether in our own or in a foreign state, according to the laws of such state, as conclusive and effectual, to all purposes.

The judgment of a probate court, allowing proof of a will, and admitting it to probate, is to some extent like a proceeding *in rem,* binding upon the rights of all persons interested in the property to be administered, though they are not named as parties. In this respect, therefore, the final judgment of a court having jurisdiction of the subject matter may be rightly held to be conclusive. Still, however, when a copy of a will, with an authenticated copy of the probate thereof in another state, is offered to a court of probate in this state for record, there is something for the latter to do. Rev. Sts. *c.* 62, § 18 *& seq.* It is to assign a time and place for hearing parties, and give public notice. If, on hearing the case, it shall appear to the judge that the instrument ought to be allowed in this state, as the last will and testament of the deceased, he shall order accordingly.

Here a discretionary power is vested in the probate court; but it must be regarded as a judicial discretion. The judge must,

we think, decide whether the record presented is duly authenti-
cated; whether the court, in which the will purports to have been
allowed, had jurisdiction; and whether there is any estate, real
or personal, in his county, on which such will may operate. Per-
haps some other questions may be open on this inquiry—actual
fraud in obtaining the probate of the will, for instance—but of
this there is no occasion to express an opinion in the present
case. But as to all those facts which are necessary to the estab-
lishment of a will, in whichever form the case is entertained,
and as to the regularity of the proceedings and their conformity
to the law of the state or country where they are had, the judg-
ment itself must be held conclusive; it is required by the rule
of the Constitution of the United States, which requires that
the acts and judicial proceedings in one state shall be respected
in the courts and tribunals of others; and by the rule of the
common law, giving effect to judgments of other states, where
they have a peculiar jurisdiction in case of proceedings *in rem*,
and have custody of the subject matter.

It has been so determined as to the capacity and sanity of
the testator, the due execution of the will, the competency of
the witnesses and regularity of the probate proceedings. *Dub-
tin* v. *Chadbourn*, 16 Mass. 433. So where the special capacity
of a testator is necessary to making a valid will, as in case of
a feme covert, the allowance of the will affords a conclusive
presumption that such proof was given. *Parker* v. *Parker*, 11
Cush. 519.

In the present case, most of the objections taken by the ap-
pellant are not open to him here. The one most relied on, and
which at first seemed to require serious consideration, was that
no notice was given by the probate court of Connecticut of the
time and place for the proof of this will. But it being found
that by the law of Connecticut no formal notice is required, the
legal ground of opposition is removed, because it would not
invalidate the probate of the will there. If it be objected that
such a law itself is unreasonable and ought not to be sanctioned
elsewhere, it becomes a question whether such theoretic defect
in the general law is likely, practically, to work injustice. A

man dying, having property, usually dies within the knowledge of his kindred ; the death itself is a fact of some notoriety in his neighborhood, and through the circle of his associates ; proceedings for the settlement of his estate of necessity soon follow, and may be easily known to those most interested, so that actual knowledge of the proceedings will generally be had. In case of any failure on the part of those interested, who had intended to oppose and resist the probate, the law of Connecticut affords ample time to appeal; eighteen months to a resident inhabitant, and three years to a non-resident. Besides, though the law does not require notice in all cases, yet a court of probate, by the nature of its functions, has authority to order personal or public notice to heirs at law and all interested ; and it may be presumed that it will do so, where the circumstances are such as to require it. The law is to be regarded as a whole, and in reference to its practical operation; and in this view, perhaps, the law is not unreasonable in allowing the proof of the will without formal notice, in cases where opposition is not to be expected, allowing ample time for an appeal. If it be said that this consideration cannot apply to heirs and persons living out of the State, the answer is, that a conventional state line cannot prevent the circulation of actual knowledge of notorious facts ; that though the appellant did not live in the same state with his mother, yet he might live in an adjoining town, and for aught that appears knew of her death and of the settlement of her estate. If, therefore, the objections which he now makes to the sanity of his mother, the execution of her will, or that it was made under undue influence, were then known to him, his remedy was to oppose the probate at Salisbury, Connecticut; or if in point of fact he had no opportunity to do so, then to appeal. If he was an inhabitant of Massachusetts, his right of appeal had not expired when this decree was made.

In regard to the other objections, we think it very clear that the probate court of Connecticut had jurisdiction. The testatrix was an inhabitant of Salisbury, had her domicil and died there, and the probate proceedings were had there.

An objection was taken, in the reasons of appeal, to the suffi

ciency of the authentication of the record of the probate court of Connecticut; but no specific objection was pointed out to the judge before whom this appeal was heard, and none was referred to this court by his report. It was a matter of form, and, if defective and the defect seasonably shown, it might have been amended.

*Decree of the probate court of this county affirmed.*

*I. Sumner,* for the appellant, cited Rev. Sts. *c.* 62, §§ 17–19; *Dublin* v. *Chadbourn,* 16 Mass. 433; *The Mary,* 9 Cranch, 126; *Oakley* v. *Aspinwall,* 4 Comst. 514; *Starbuck* v. *Murray,* 5 Wend. 148; *Holbrook* v. *Murray,* 5 Wend. 161; *De Witt* v. *Burnett,* 3 Barb. 89; *Ewer* v. *Coffin,* 1 Cush. 23; *Woodward* v. *Tremere,* 6 Pick. 354; *Hall* v. *Williams,* 6 Pick. 240; *Slasson* v. *Brown,* 20 Pick. 440; *Corliss* v. *Corliss,* 8 Verm. 389; *Kibbe* v. *Kibbe,* Kirby, 119.

*B. Palmer,* for the appellee.