# Leatherwood *et al. v.* Sullivan *et. al.,* Executors.

*Detinue for Timber.*

1. *Grant of letters testamentary to foreign executor.*—When a will has been admitted to probate in a foreign jurisdiction, and letters testamentary granted to the executor therein named, letters testamentary may be

granted to him here, on his filing a certified transcript of the foreign probate and grant, with a copy of the will (Code, § 2380); and if the will relieves him of giving bond, no bond is necessary in either jurisdiction.

2. *Validity of grant of letters, as affected by failure to give bond.*—The failure to give bond, when required, renders a grant of letters testamentary, or of administration, voidable only, and not void.

3. *Foreign statutes.*—This court can-not take notice of the statutes of other States, unless they are properly introduced in evidence.

4. *Probate of will not properly attested.*—If a will is improperly admitted to probate, because not attested by the necessary number of witnesses, it is valid until set aside; and the irregularity is not available on collateral attack, by objecting to the admissibility of the letters testamentary when offered in evidence.

5. *Personal chattles, when severed from freehold; right of action of heir, devisee, or personal representative.*—An executor, or administrator, may maintain an action to recover timber logs cut and removed by a trespasser from the lands of the estate, although the heir or devisee may also maintain an action, on failure of the personal representative to assert his statutory rights.

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. JOHN P. HUBBARD.

This was an action of detinue, brought by the appellees, Martin H. Sullivan and Emily S. Sullivan, as executors of the will of Daniel F. Sullivan, deceased, against the appellants, Joseph W. Leatherwood and Daniel Leatherwood, for the recovery of thirty-five pieces of timber, more or less, alleged to have been cut from section 13, township 2, and range 6, in the county of Escambia, State of Alabama.

The defendants, in the language of the transcript, plead "*Non detinet.* Adverse possession of the land on which the timber sued for was cut. *Ne unques* administrator. That the letters of administration are void, no bond having been given as required by the statute, and the letters having been granted contrary to law. That this suit is brought for injury to the reversion, and can only be brought by the heirs and not by the executors."

The evidence showed that said section 13, township 2 and range 6, was the land of said decedent, Dan'l F. Sullivan; that it was wild and *unoccupied* timber land, and that the timber sued for was cut off said lands and carried away by the defendants, who had a timber camp thereon. The quality and value of said timber was also proven.

The plaintiffs being non-resident executors, introduced in evidence the following letters testamentary, issued to them by the Probate Court of Escambia county, Alabama:

"The State of Alabama, ⎱ Probate Court, November Term, Escambia county. ⎰ 8th, 1884.—The will of Daniel F. Sullivan of Escambia county, Florida, having been duly probated in said county of Escambia, and State of Florida, and M. H. Sullivan and Emily S. Sullivan named as execu-

tors therein, having *been* (?) filed in the Probate Court of
Escambia county, State of Alabama, a copy of the will
under which said executors were appointed, together with a
certificate of the Hon. N. C. Shackelford, judge of the court
in which said will was probated, that said will was regularly
proved and established, and that letters testamentary were
issued thereon to the said M. H. Sullivan and Emily S. Sul-
livan, in accordance with the laws of the State of Florida,
and the will of the said D. F. Sullivan, deceased, having
been duly probated, and it appearing in said will, it is ex-
pressly provided that no bond be required of said executors,
and that said court issuing said original letters has not re-
quired any bond of said executors; additional letters testa-
mentary are hereby granted to said M. H. Sullivan and
Emily S. Sullivan, the said executors named in said will,
who have complied with the requisition of law, and are au-
thorized to take upon themselves the execution of said will,
so far as relates to the assets of the estate of said D. F. Sul-
livan, deceased, which may be within the State of Alabama.
   "Dated this, the 8th day of November, A. D. 1884.

                              "N. R. LEIGH, Probate Judge."
   The defendants objected to the admission of these letters,
on the ground, "that they showed upon their face that the
probate judge had no jurisdiction to issue them, and that
they were illegal and void." The court overruled the ob-
jection, and the defendants excepted.
   The plaintiffs then introduced all the records of the Pro-
bate Court of Escambia county, Alabama, relating to this
matter, which records contained, among other things, a cer-
tified *copy of the will* of said D. F. Sullivan, and the *certificate*
of the judge of probate of Escambia county, Florida, in
which said will was probated; that said will was regularly
proved and established according to the laws of Florida, and
that letters testamentary were issued thereon to said M. H.
and Emily S. Sullivan. The will was attested by only one
witness, and said M. H. and Emily S. Sullivan were ap-
pointed executor and executrix thereof, and exempted from
giving bond. Said M. H. Sullivan, a brother of the testator,
was residuary legatee and devisee under the will, and, as
such, the title to said land, on which the timber was cut,
vested in him.
   The defendants asked the following charges in writing:
   "1. If the jury believe the evidence they must find for
the defendants."
   "2. If the title to the land, from which the timber in
this suit was severed, was in M. H. Sullivan, then the

[Leatherwood *et al.* v Sullivan *et al* , Executors.]

plaintiffs, as executors of Daniel F. Sullivan, deceased, can not maintain an action for timber cut therefrom."

"3. Upon the death of Daniel F. Sullivan, by virtue of his will introduced in this case, the legal title to the land, from which the timber sued for in this case was severed, passed to M. H. Sullivan, and the executors of the will of Daniel F. Sullivan can not maintain an action for the recovery of the timber severed therefrom."

"4. Upon the death of Daniel F. Sullivan, the title to the land, from which the timber sued for in this case was severed, passed *eo instanti* into the heirs of Daniel F. Sullivan, and the plaintiffs, as executors of the will of said Daniel F. Sullivan, can not maintain an action therefor."

"5. Unless the plaintiffs, as the executors of the will of Daniel F. Sullivan, *took possession* of the land, from which the timber sued for in this case was severed, for the purpose of carrying into effect said will, and if they *never took into their actual possession* the land for the said purpose, the title being either in M. H. Sullivan, by virtue of said will, or in the heirs of said Daniel F. Sullivan, by virtue of the law of descent, the plaintiffs can not recover for the timber severed therefrom."

Then followed two charges, numbered 6 and 7, which assert, in substance, that the plaintiffs were not entitled to recover, unless they had given bond, with at least two good and sufficient sureties, payable to and approved by the judge of probate of Escambia county, Alabama, in such amount as said judge may have prescribed with reference to the amount to be recovered, and conditioned to faithfully administer such recovery according to law.

The court refused each of these seven charges, and the defendants separately and severally excepted to the refusal of each charge.

FARNHAM & RABB, for appellants, cited Code of 1876, §§ 2379, 2380; McClellan's Digest of the Laws of Florida, 986, § 1; *Cooper v. Watson, Adm'r.*, 73 Ala. 252; *Calhoun v. Fletcher*, 63 *ib*. 580; *Doe v. Hardy*, 52 *ib*. 297.

JAMES M. DAVIDSON, and STALLWORTH & BURNETT, *contra*, cited Code of 1876, §§ 2313, 2367, 2375; *Calhoun v. Fletcher*, 63 Ala. 574; *Patton et al. v. Crow*, 26 *ib*. 426; *Cooper v. Watson, Adm'r.*, 73 *ib*. 252; *Carpenter v. Lewis*, 6 *ib*.; *Gillespie v. Dew*, 1 Stew.

SOMERVILLE, J.—1. The letters testamentary were properly admitted in evidence in behalf of the plaintiffs, the

[Leatherwood *et al.* v. Sullivan *el al.*, Executors.]

objection urged to them, as being void, not being well taken. The granting of these letters was fully authorized by section 2380 of the present Code, fixing the pre-requisite to granting letters to non-resident executors who have qualified in another State. The executors had, pursuant to these requirements, filed in the Probate Court of Escambia county, in this State, a certified copy of the will under which they were appointed, together with a certificate of the judge of the court in Florida, in which State the will was probated, that the will had been "regularly proved and established" in accordance with the laws of said State, and that letters testamentary in due form had been issued to the plaintiffs upon said probate. A sufficient excuse is shown for failing to file with the will a certified copy of any bond —the testator having, in the will, waived the giving of a bond by his executors, and none, therefore, being on file in the court in Florida from which said letters testamentary were issued. Under this state of facts, as shown by the record, no bond was required of the plaintiffs as a pre-requisite to taking out these letters in this State, any more than if the testator had been resident here, and made a like will dispensing with their giving bond for the faithful discharge of their duties as executors.—Code, 1876, §§ 2379, 2380.

2. If the statute were susceptible of a different construction, the failure of the plaintiffs, we may add, to give bond, would not render the grant of administration to them absolutely void, but only voidable. It was so ruled by this court, as far back as the year 1861, in *Ex parte Maxwell*, 37 Ala. 362, and the principle there settled has never since been doubted.—*Cunningham v. Thomas*, 59 Ala. 158.

3. There is no merit in the other objection urged to the sufficiency of the certificate made by the judge of the court in Florida, which granted the original letters to the plaintiffs. The will, it is said, has but one witness, and the laws of Florida require three witnesses to such a paper. The record fails to show what is the law of Florida on this subject, and we can take notice of the statutes of other States only when they are introduced in evidence. Moreover, even were this true, the probate of the will, and the grant of letters by a court of competent jurisdiction in Alabama, would not for this reason be rendered void. Such judgment of probate would be valid until set aside, and would not be subject to collateral attack, as is here attempted by objecting to the introduction of the letters testamentary in evidence. —*Dickey v. Vann*, present term ; *Brock v. Frank*, 51

[Leatherwood *et al.* v. Sullivan *et al.*, Executors.]

Ala. 85; *Ward v. Oates*, 43 Ala. 515; *Goodman v. Winter*, 64 Ala. 410.

4.  It is not denied, as a general rule, and must be taken as true, that when chattels, which in their natural state constitute a part of the freehold, are severed from the soil and become personal chattels, they belong to the owner of the land, who is entitled to maintain for them an action of trover, trespass, or detinue, unless the defendant is in possession of the land, from which the chattels were severed, holding it adversely to the claimant, and disputing his title. *Carpenter v. Lewis*, 6 Ala. 683; *Brown v. Sax*, 7 Cowen, 95; *Curtis v. Grant*, 6 Johns. 168; *Beatty v. Brown*, 76 Ala. 267; *Stringfellow v. Curry, ib.* 394.

5.  The evidence here shows that the defendants were mere trespassers, and that there was on their part no claim of adverse possession, when they cut from the land the pieces of timber sued for.  It is contended, that the right of action is not in the executors, but in Martin H. Sullivan, who is the residuary legatee under the will of the testator, because the title of the land was vested in him.  This contention is based on the fact that the land was wild and unoccupied timbered land, of which the plaintiffs, as executors, had never been in actual possession except by sending their agents over it for the purpose of preventing trespassing on the premises.  There can be no doubt of the fact that an heir or devisee, in whom the legal title of land is vested, can maintain an action of trover, or detinue against persons trespassing on the premises and carrying away timber severed from the freehold, just as he might maintain an action of ejectment for the land.  But this right is subordinate to that of the executor or administrator of the estate, who is also empowered to bring an action for the land, or for any injury to it, or for the rents, income and profits of the land, or for anything severed from the freehold.  For the purposes of administration the personal representative is the owner of the land to a certain extent, and he may destroy or suspend the heirs' or devisees' right of possession and right of action, either by taking actual possession of the lands of the decedent, or by asserting right thereto, and following up such assertion by proceedings to recover them.  So he may likewise destroy or suspend the heirs' or devisees' right to the rents, income and profits of the land, or for chattels severed from the freehold, by the commencement and prosecution of an action for them in his name, as executor or administrator of such estate.  This principle is so fully stated in the previous decisions of this court as to need no further discussion.—*Calhoun v. Fletcher*, 63 Ala. 574, where

the cases are cited; *Cooper v. Watson,* 73 Ala. 252; *Landford v. Dunklin,* 71 Ala. 594.

The rulings of the court all clearly accorded with the foregoing views, and are free from error.

Judgment affirmed.