SHERMAN MEDILL v. E. W. SNYDER, *as Administrator, etc.*

No. 14,177. (81 Pac. 216.)

SYLLABUS BY THE COURT.

WILLS—*Contest of Probate—Limitation of Action.* The time limited by the statute of wills for bringing a suit in the district court to contest a will is not extended by section 23 of the code of civil procedure (Gen. Stat. 1901, sec. 4451), providing that if any action be commenced within due time and judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or if he die and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure.

Error from Douglas district court; CHARLES A. SMART, judge. Opinion filed June 10, 1905. Affirmed.

*George J. Barker, Dawes & Rutherford,* and *William Dale,* for plaintiff in error.

*Atwood & Hooper, Bishop & Mitchell,* and *James A. Reed,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The plaintiff in error brought a suit in due season to contest a probated will affecting both real and personal property, and then voluntarily dismissed it. After the expiration of two years from the

probating of the will, but within one year from the dismissal of the first suit, he commenced another against the same parties and for the same relief as before. A demurrer was sustained to the petition, on the ground that the right of action was barred because of the expiration of the time limited by the statute of wills within which will contests may be initiated. The question for decision is whether the right to maintain the second suit is preserved by section 23 of the general statute of limitations, contained in the code of civil procedure, which reads as follows:

"If any action be commenced within due time and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or if he die and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure." (Gen. Stat. 1901, § 4451.)

Material portions of the statute of wills (Gen. Stat. 1901, ch. 117) are as follow:

"SEC. 15. If it shall appear that such will was duly attested and executed, and that the testator at the time of executing the same was of full age and sound mind and memory, and not under any restraint, the court shall admit the will to probate."

"SEC. 19. If no person interested shall within two years after probate appear and contest the validity of the will, the probate shall be forever binding, saving, however, to persons under legal disability the like period after the disability is removed.

"SEC. 20. The mode of contesting a will shall be by civil action in the district court of the county in which the will was admitted to probate, which action may be brought at any time within two years after the probate of the will, and not afterward, by any person interested in the will or estate of the deceased.

"SEC. 21. The order of the probate court shall be *prima facie* evidence on the trial of such action of the due attestation, execution and validity of the will.

"SEC. 22. A certified copy of the testimony of such of the witnesses examined upon the original probate

as are out of the jurisdiction of the court, dead, or have become incompetent since the probate, shall be admitted in evidence upon such trial.

"SEC. 23. The rights of persons under legal disability shall not be concluded by the judgment in such action, but any such person may within two years after such disability is removed contest such will in the manner hereinbefore provided."

"SEC. 29. No will shall be effectual to pass real or personal estate unless it shall have been duly admitted to probate or recorded as provided in this act."

It is a rule of interpretation that general statutes of limitation, embodied in the codes of civil procedure ordinarily relate to the prosecution of actions generally, and the enforcement of the remedies that such codes prescribe and regulate; and that special statutes usually must be literally followed in respect to the time conditions that they impose. (*Hill v. Supervisors,* 119 N. Y. 344, 23 N. E. 921; *Beebe v. Doster,* 36 Kan. 666, 14 Pac. 150; *Cartwright v. Korman,* 45 id. 515, 26 Pac. 48.)

If the statute of wills be considered in the light of a statute of limitations this rule applies. It is a special enactment, complete in itself, and apparently designates the only exception intended to be allowed. The purpose of the law is to protect devisees, legatees, executors and trustees in their property rights, to foil efforts on the part of designing persons to foment annoying and embarrassing litigation, and generally to prevent the questioning of wills after time has removed witnesses and obscured the circumstances of their execution. Therefore, phraseology of the most imperative and uncompromising kind is employed. As often as the matter of contest is referred to the two-year limitation is attached, and the intention is made as clear as possible that there shall be no extension of time in which to disturb the probate of a will except in the single case twice expressly provided for.

But the statute of wills is not a mere statute of limi-

tations.   It grants to a court vested with ordinary law
and equity jurisdiction the right to adjudicate upon
the validity of wills of personalty—a power which, at
common law, was altogether denied to such a tribunal,
and vested solely in the ecclesiastical courts.    It
further authorizes a court endowed with ordinary law
and equity powers to hear controversies and render
judgments respecting wills of realty that were wholly
unknown at common law, viz., controversies and judg-
ments establishing the status of such wills.

The common law respecting these matters, and the
rights of parties and the jurisdiction of courts under
it, is described by the supreme court of California as
follows:

"In England, the probate of wills of personal es-·
tate belongs to the ecclesiastical courts.   No probate
of a will relating to real estate is there necessary.   The
real estate, upon the death of the party seized, passes
immediately to the devisee under the will, if there be
one; or if there be no will, to the heir at law.   The per-
son who thus becomes entitled takes possession.   If
one person claims to be the owner under a will, and
another denies the validity of the will and claims to
be the owner as heir at law, an action of ejectment is
brought against the party who may be in possession by
the adverse claimant; and on the trial of such an ac-
tion, the validity of the will is contested, and evi-
dence may be given by the respective parties as to the
capacity of the testator to make a will, or as to any
fraud practiced upon him, or as to the actual execution
of it, or as to any other circumstances affecting its
character as a valid devise of the real estate in dis-
pute.   The decision upon the validity of the will in
such action becomes *res judicata,* and is binding and
conclusive upon the parties to that action and upon
any person who may subsequently acquire the title
from either of those parties; but the decision has no
effect upon other parties, and does not settle what may
be called the status or character of the will, leaving
it subject to be enforced as a valid will, or defeated
as invalid, whenever other parties may have a con-
test depending upon it.   A probate of a will of per-

38—71 KAN.

sonal property, on the contrary, is a judicial determination of the character of the will itself. It does not necessarily or ordinarily arise from any controversy between adverse claimants, but is necessary in order to authorize a disposition of the personal estate in pursuance of its provisions. In case of any controversy between adverse claimants of the personal estate, the probate is given in evidence and is binding upon the parties, who are not at liberty to introduce any other evidence as to the validity of the will." (*State of California v. McGlynn*, 20 Cal. 233, 265, 81 Am. Dec. 118.)

Even although the ecclesiastical courts could determine the validity of wills of personal property, and even although the law courts could incidentally determine for some purposes the validity of wills of real estate, no court of law or equity could, under the common law, entertain any such suit or render any such judgment as is contemplated by the statute of wills of this state.

Therefore, the jurisdiction of the district court under the wills act is an innovation of purely statutory origin. Likewise, the right of a party to invoke such jurisdiction is purely a statutory creation. One of the conditions attached to the exercise of the jurisdiction thus provided for, and the right to call it into exercise, is that proceedings be instituted within two years. Time is of the essence of the power and the right, and lapse of time operates to extinguish both, rather than as a mere bar to a remedy. (*Rodman v. Railway Co.*, 65 Kan. 645, 70 Pac. 642, 59 L. R. A. 704.)

In the opinions rendered in *Mears v. Mears*, 15 Ohio St. 90, *McArthur v. Scott*, 113 U. S. 340, 5 Sup. Ct. 652, 28 L. Ed. 1015, and other cases, it was said that the method of probating wills in the probate courts of this country corresponds nearly to the probate in England in common form, and that the contesting of wills in courts of chancery or courts of like

jurisdiction is analogous to the English probate in solemn form. From such statements it is argued that the right to have a will solemnly examined, with interested parties present, is in effect the same right that existed at common law, and the language of this court in the Rodman case is quoted, as follows:

"A limitation upon the time in which a preexisting right of action may be exercised is governed by the general statute of limitations, and, in consequence, falls within the saving provisions of section 23 as above quoted." (Page 654.)

This argument, however, leaves entirely out of account the creation of a new department of jurisdiction in the district court, upon which time limitations are as restrictive as they are upon new rights of action like that under consideration in the Rodman case. Conceding that as to wills of personalty a contest in the district court is equivalent to probate in solemn form in an ecclesiastical court, still the right of the district court and the right of a contestant to proceed in the district court are as novel and as purely statutory as the right to recover damages for death by wrongful act. Conceding that the incidental determination of the validity of a will between a limited number of parties disputing over the possession of a tract of land is in a sense a contest of the will, yet the right of a contestant to bring into court all persons interested for and against a will and procure a final determination of its validity for all purposes and for all time, irrespective of the title to any particular tract of land, and the right of the district court to hear such a controversy and render such a judgment, are as novel and as purely statutory as the enlargement of right alluded to in the Rodman case.

Those courts that have given the subject most careful attention have arrived at the conclusion that provisions of statutes of the character of the one under

consideration are not mere limitations affecting the remedy.

"The act of 1894, chapter 405, provides that no will, testament, codicil or other testamentary paper shall be subject to caveat or other objection to its validity after the expiration of three years from its probate. . . .

"The object of the act of 1894, chapter 405, was to protect legatees under wills by requiring objections thereto to be made within a reasonable time after probate and while the evidence relating to such objection is attainable. It would to a great extent subvert the purposes and beneficial operation of the statute to hold that a party may file a caveat to a will upon one ground within three years after probate and then, without bringing to trial the issue upon that caveat, wait nearly three years more, or five years after the probate, as was done in this case, and file a caveat alleging a new and distinct ground of objection. . . .

"It makes no difference that in the present case the new issue was added by consent of the counsel for the administrator c. t. a., who defended the will. It will be seen that the language of the statute is imperative, that no objection shall be made after a certain time. This deprives the orphans' court of jurisdiction to entertain an objection made after such time, and the consent of the parties cannot confer jurisdiction upon a court." (*Myer v. Henderson*, 88 Md. 585, 42 Atl. 241, 242.)

"The doctrine is well established in this state, that courts of equity, independently of the statute, have no jurisdiction of a bill to set aside a will, or its probate. The jurisdiction of courts of chancery in this state to entertain such bills is derived exclusively from the statute, and, therefore, such jurisdiction can only be exercised in the mode and under the limitations prescribed by the statute. If 'any person interested' shall, within three years after the probate, etc., or, as the law of 1895 requires, within two years after the probate, etc., appear, and, by bill in chancery, contest the validity of the will, an issue at law shall be made up, etc.; but if such person does not appear within the time limited, an issue at law cannot be made

up. The appearance within the time limited is a jurisdictional fact, and is necessary to put the machinery of the court in motion, so as to contest the validity of the will. The proviso of section 7 is merely a grant of jurisdiction to be exercised only in case it is invoked within the time limited, and not a limitation upon the exercise of a jurisdiction already existing. In other words, the statute fixing the time, within which such a bill may be filed by 'any person interested,' is not a limitation law. *Luther v. Luther,* 122 Ill. 558, 13 N. E. 166; *Wheeler v. Wheeler,* 134 id. 522, 25 N. E. 588, 10 L. R. A. 613; *Sinnet v. Bowman,* 151 id. 146, 37 N. E. 885; *Jele v. Lemberger,* 163 id. 338, 45 N. E. 279; *Spaulding v. White,* 173 id. 127, 50 N. E. 224." (*Storrs v. St. Luke's Hospital,* 180 id. 368, 372, 54 N. E. 185, 186, 72 Am. St. Rep. 212.)

In the case of *Luther et al. v. Luther et al.,* 122 Ill. 555, 564, the subject was discussed at length, as follows: 

"Counsel for appellants claim that the provision in section 7 for filing the bill within three years is a mere statute of limitations, and that, inasmuch as appellees did not plead the bar of the statute in their answer, they waived it. This position is based upon the theory that the right to contest the validity of the will was not a new right conferred by the statute, but a right which existed at common law before the statute, and that, therefore, the statute merely limits the time within which such right may be asserted.

"Outside of the statute, however, no right existed in favor of the heir to go into a court of chancery to contest the validity of the will. He could not go into equity for any other purpose than to remove impediments to a full and fair trial at law. The power to entertain bills of this character is not embraced among the general equity powers of a court of chancery.

"In *Gaines v. Fuentes,* 92 U. S. 10, 23 L. Ed. 524, the supreme court of the United States say: 'In the case in *Broderick's Will* the doctrine is approved, which is established both in England and in this country that by the general jurisdiction of courts of equity, independent of statutes, a bill will not lie to

set aside a will or its probate, and whatever the cause of the establishment of this doctrine originally, there is ample reason for its maintenance in this country, from the full jurisdiction over the subject of wills vested in the probate courts and the revisory power over their adjudications in the appellate courts.' (*Broderick's Will,* 21 Wall. 503, 22 L. Ed. 599; *Gaines v. Chew,* 2 How. 619, 11 L. Ed. 402; *Gould v. Gould,* 3 Story, 516, Fed. Cas. No. 5637; *Tarver v. Tarver,* 9 Pet. 174, 9 L. Ed. 91; *Holden v. Meadows,* 31 Wis. 284; *Archer v. Meadows,* 33 id. 166; 2 Pom. Eq. § 913.)    Since the decisions of *Kendrick v. Braushy,* 3 Bro. P. C. 358, and *Webb v. Cleverden,* 2 Atk. 424, it has been held in England that equity will not set aside a will for fraud and imposition.    The same rule has been generally adopted in the United States.    Under the common-law system the validity of wills of real estate could only be tested in an action at law; that of wills of personal property was established by the decree of the ecclesiastical court in the proceedings for probate.    (2 Pom. Eq. § 913.)

"Therefore, as the jurisdiction of courts of chancery in this state to entertain bills to set aside the probate of wills is derived exclusively from the statute, such jurisdiction can only be exercised in the mode and under the limitations prescribed by the statute.    'If any person interested shall, within three years after the probate, etc., appear and by  .  .  . bill in chancery, contest the validity of the' will, 'an issue at law shall be made up,' etc.    If such person does not appear within three years, an issue at 'law cannot be made up.    The appearance within three years is a jurisdictional fact, and is necessary in order to put the machinery of the court in motion so as to test the validity of the will.    The court has no power to entertain the bill after the three years have passed."

In the case of *Peacock v. Churchill,* 38 Ill. App. 634, the syllabus reads:

"Section 7, chapter 148, Revised Statutes, providing for the exhibiting of a bill in chancery to test the validity of a will within three years after probate of the will, is not a statute of limitation but an enabling statute, without which no such bill could be filed. Therefore, section 25, chapter 83, Revised Statutes,

Medill v. Snyder.

concerning general limitations, providing that where a plaintiff has been non-suited (and in certain other contingencies), and if the time for bringing his action has expired during the pendency of his suit, then he shall have one year from the time of such non-suit, etc., in which to commence an action, does not apply to actions commenced to test the validity of a will."

In the case of *Harris et al. v. Harris et al.*, 61 Ind. 117, 123, it was said:

"It is clear, we think, that actions to contest the validity, and to resist or set aside the probate of an alleged last will, are purely statutory; that is, they can only be brought and successfully maintained in the court, within the time and upon the ground prescribed in and by the statute which authorizes such actions."

In the case of *Bartlett et al. v. Manor et al.*, 146 Ind. 621, 628, 45 N. E. 1060, 1062, it was said:

"It cannot be seriously questioned that our statute of wills is special with reference to the right of contest, that it creates a right not existing in its absence, and that the right is given upon the condition that it be exercised within three years. As to this right it cannot be doubted, we think, that the general statute of limitations has no effect."

The two decisions last referred to were approved in the case of *The Evansville etc. Co. et al. v. Winsor, by Next Friend,* 148 Ind. 682, 48 N. E. 592, the syllabus of which reads:

"Actions to contest the validity and to resist and set aside the probate of a will are purely statutory, and must be brought within the time and upon the ground prescribed by the statute authorizing such actions. The right to contest is not extended or limited by the general statute of limitations contained in the code of civil procedure."

The fact that the statute concerns itself primarily with the creation and regulation of jurisdiction and procedure, makes the probate of a will conclusive and forever binding, establishes the title to real and per-

sonal property under probated wills, and creates indisputable evidence of such title, all over and beyond the mere matter of remedy to one who may desire to assume the role of a contestant, so far distinguishes it from a mere statute of limitations that sections of the general statute of limitations cannot modify it. (*Cochran v. Young*, 104 Pa. St. 333; 19 A. & E. Encycl. of L. 282, 150, 151.)

The cases cited by plaintiff in error are not sufficient to overthrow the reasoning of the foregoing authorities, and the attempts made in his brief to distinguish or to avoid them are inadequate for that purpose. Therefore, the judgment of the district court is affirmed.

WILLIAM R. SMITH, GREENE, MASON, CLARK A. SMITH, JJ., concurring.

JOHNSTON, C. J., dissenting.

CUNNINGHAM, J., not sitting.