HERMAN J. WILBER *et al., Appellants,* V. CHARLES
RONNAU *et ux., Appellees.*

No. 16,430.

SYLLABUS BY THE COURT.

PLEADINGS — *Amendment — Departure — Limitation of Actions.*
An amended pleading containing a definite statement of facts
concerning a material matter, not in conflict with a general
averment respecting the same subject contained in the original
petition, should not be held to state a new cause of action; it
is only an amplification of the facts constituting the one first
pleaded.

Appeal from Pottawatomie district court; ROBERT
C. HEIZER, judge. Opinion filed March 12, 1910. Re-
versed.

*John Marshall,* and *E. C. Warfel,* for the appellants.

*Challis & Brookens, Crane & Woodburn Brothers,*
and *Samuel Barnum,* for the appellees.

The opinion of the court was delivered by

BENSON, J.: This is an appeal from a judgment for
the defendants, entered on the pleadings. The plain-
tiffs, Herman J. Wilber and Frank L. Wilber, con-
veyed a tract of land to defendant Charles Ronnau,
subject to certain mortgages, upon an agreement that
the grantee should assume the payment of the mort-
gages, amounting to over $11,000, and other debts,
amounting to about $3000. The agreement was dated
August 14, 1896, and, among other provisions, it con-
tained the following:

"Should I have any part of said 614 acres unsold
when the present mortgage becomes due in 1901, I
agree to sell to Herman J. or Frank L. Wilber any part
of said land they may desire, at an appraised valuation
by three disinterested parties, provided the amount be
not less than would make up with the other sales the
full amount of my investment, with seven per cent in-

terest; and should I sell all of said property by July, 1901, I agree to divide the profits between myself and said Wilbers, after I first receive seven per cent interest on the amount invested in the purchase of said land, and if any part of said property is left unsold at said time I agree the value of the same shall be appraised by three disinterested citizens, and agree to pay Herman J. and Frank L. Wilber one-half the profit, if any, over the full purchase money, with seven per cent on my investment."

The petition in this action was filed February 16, 1904, setting out this agreement and alleging that the land remained unsold on July 1, 1901; that it was then and ever since had been worth $65 per acre; that the defendants had received in each year since the conveyance in rents and profits from the land more than enough to pay seven per cent interest on their investment; and that the land had increased in value to the amount of $26,000, one-half of which by the terms of the agreement belonged to the plaintiffs, and which they sought to recover. The petition contained the following averment:

"That the plaintiffs have had said real estate duly appraised, as provided by said contract, and that the said real estate was appraised by said three householders as aforesaid, at and for the price of sixty-five dollars per acre for each acre of said real estate. . . . That they [the plaintiffs] have duly demanded of and from the said defendants a compliance on their part with the terms and conditions of said agreement, and that the said plaintiffs have offered to do all and whatsoever might be required of them in accordance with the terms of said written agreement hereinbefore set out, but that the said defendants have refused to perform their part of said agreement, to these plaintiffs' damage in the sum of $13,362."

An answer was filed and a reference was ordered. The referee found in favor of the plaintiffs, but his report was set aside, and thereupon an amended petition was filed on June 17, 1907, setting out the same con-

tract and making substantially the same averments, alleging the performance of all the conditions of the agreement by the plaintiffs, and the refusal of performance by the defendants, but alleging further that "on or about October 10, 1903, the plaintiffs demanded of the defendants that they perform and comply with the terms and conditions of the said written agreement, and then and there offered and tendered to the defendants full performance of the said terms and conditions on the part of the plaintiffs, and, at the same time, demanded of the defendants that they join with the plaintiffs in selecting appraisers to appraise the said real estate in accordance with the terms of the said written agreement; but the defendants then and there failed and refused to comply with the said demands, or with either or any of them, and then and there, by said failure and refusal, waived an appraisement of the said real estate and waived also the provision of the said written agreement respecting an appraisement."

An answer was filed to this amended petition, but it was withdrawn, and a motion of the defendants for judgment on the pleadings was sustained. The defendants argue in support of this ruling that the cause of action set out in the amended petition was different from the one first pleaded; that the first petition pleaded an appraisement of the lands, as provided in the agreement, and the amended petition pleaded a waiver of such appraisement; and that the cause of action accrued July 1, 1901, and was therefore barred by the five-year statute of limitations before the amended petition was filed.

The cause of action arose upon the contract, by the terms of which the plaintiffs' rights in the land, if it should remain unsold on July 1, 1901, were to be determined by appraisement. The first petition alleged a demand upon the defendants for a compliance with the provisions of the agreement, and an offer of the

plaintiffs to do all that might be required of them in accordance with the agreement. This was sufficient to admit proof of a request for an appraisement, of an offer to join in choosing appraisers, and of a refusal by the defendants to comply. At least, it was sufficient in the absence of a motion to require a more definite statement. These averments are not inconsistent with the statements that the plaintiffs had caused the land to be appraised. This latter allegation should be construed to relate to the action taken by the plaintiffs after the defendants had refused to comply with their request. In the second petition there is a more definite statement of a demand, offer and tender of performance, by averring in direct terms that the plaintiffs requested the defendants to join in selecting appraisers, and the refusal of such request. The further statement that the defendants waived the provisions for appraisement is only a conclusion from the facts alleged that they had refused, upon proper request, to join in the steps necessary to such appraisement. The conclusion definitely alleged in the last petition was fairly inferable from the facts pleaded in the first petition.

We conclude that the averments of the amended petition with respect to the appraisement should be considered an amplification of the matters pleaded in the original petition; that no new cause of action was introduced; and that the plaintiffs' claim was not barred by limitation. (*Bogle v. Gordon*, 39 Kan. 31; *Snider v. Windsor*, 77 Kan. 67; *Railway Co. v. Moffatt*, 60 Kan. 113; 72 Am. St. Rep. 349, note 1.)

In view of another question suggested by the argument, it is proper to say that in the valuation of the land for the purpose of determining the profits to be divided the value on July 1, 1901, should govern, that being the date fixed in the agreement upon which the

plaintiffs became entitled to have their interest ascertained.

The judgment is reversed and the cause remanded, with instructions to deny the motion and proceed with the cause.