Matthias, J.
The defendant in error, Mary Fetterman, on May 21, 1915, filed in the court of common pleas of Cuyahoga county her application to vacate the finding and judgment of that court, entered December 27, 1912, sustaining the will of *293 LaFayette Kickland. The action to contest said will had been instituted November 22, 1911, the defendant in error having been made a party and served by publication.
The question presented in this case is whether Section 11632, General Code, applies to a proceeding to contest a will in such way as to authorize the order and action sought by the defendant in error. The common pleas court held that it does not, and denied the application of the defendant in error, while the court of appeals held that it does so apply and ordered that the judgment theretofore entered in the common pleas court be opened up, the case reinstated on the docket, and the defendant in error permitted to file her proffered answer, wherein she seeks to have set aside the instrument probated as the last will and testament of LaFayette Kickland.
Section 11632, General Code, permits a party against whom a judgment or order has been rendered without other service than by publication in a newspaper, to have the judgment opened up and be let in to defend, within five years after the date of such judgment or order.
The disposition of property by will, proceedings in probation thereof, and the right to institute and maintain an action to contest a will duly probated, are all governed and controlled by statute.
Section 12079, General Code, authorizes any person interested in a will or codicil admitted to probate, to contest its validity by a civil action in the common pleas court of the county in which the will is probated.
*294 Section 12087, General Code, requires that an action to contest a will or codicil shall be brought within one year (at the time this will was probated, two years) after its admission to probate. This provision contains a saving clause in favor of persons within the age of minority, of unsound mind, or imprisoned, and persons in these classes may bring such action within one year (formerly two years) after the removal of the disability. ■
Section 10519, General Code, provides that if it appears that a will offered for probate was duly attested and executed, and that the testator at the time of executing it was of full age, .of sound mind and memory, and not under restraint, the court shall admit the will to probate.
Section 10531, General Code, at the time of the probation of the will in question, provided as follows :
“If, within two years after probate had, no person interested appears and contests the validity of the will, the probate shall be forever binding, saving, however, to infants, and persons of unsound mind, or in captivity, the like period after the respective disabilities are removed.”
Under the mandatory provisions of this section a will duly probated is thereby fully established; and, under the clear and unequivocal terms of the statute above quoted, it shall be forever binding unless set aside as a result of proceedings instituted in the manner and within the time required by statute.
No right exists to maintain an action to contest a will except as it is specifically provided by statute, *295 and the right thus conferred is subject to the conditions and limitations imposed. The right granted and the condition imposed go together; the one cannot be enjoyed without the restrictions and limitations o± the other.
As very pertinently stated in the opinion of the court in Medell v. Snyder, 71 Kans., 590, 594: “Therefore, the jurisdiction of the district court under the wills act is an innovation of purely statutory origin. Likewise, the right of a party to invoke such jurisdiction is purely a statutory creation. One of the conditions attached to the exercise of the jurisdiction thus provided for, and the right to call it into exercise, is that proceedings be instituted within two years. Time is of the essence of the power and the right, and lapse of time operates to extinguish both, rather than as a mere bar to a remedy.”
The decision of this court in the case of The Pittsburg, Cincinnati & St. Louis Ry. Co. v. Hine, Admx., 25 Ohio St., 629, similarly construes a provision somewhat analogous contained in a statute authorizing an action for damages sustained by reason of death caused by a wrongful act.
It is there held that “under the ‘act requiring compensation’ for causing death by wrongful act, neglect, or default (S. & C. 1139, 1140), which gave a right of action, provided such action should be commenced within two years after the death of such deceased person, the proviso is a condition qualifying the right of action, and not a mere limitation on the remedy.”
*296 The provisions of the statute above cited relating to an action to contest a will clearly constitute more than a mere limitation upon the time of instituting the action, for it is expressly provided that a will duly probated and not contested within two years shall be forever binding. That period had long passed when the defendant in error filed her application in this case. In our opinion no weight whatever should be accorded the fact that an action had previously been instituted to contest such will, resulting in a judgment sustaining it. Surely the defendant in error, who now seeks opportunity to attack the validity of the same will, though by way of a so-called answer in the former proceeding, is in no different or better situation than if no such action had previously been instituted; nor can she have any greater rights than if she had not been made a party at all. The rights of one not a party “stand wholly unaffected by the proceeding.” (Holt et al. v. Lamb et al., 17 Ohio St., 375.) The only right the defendant in error possessed as an heir of the testator was the right conferred by statute to maintain an action to contest said will, provided she proceeded within the time specified. She has not been deprived of that right; but she failed to assert it within the prescribed period and the probate of the will became “forever binding.”
This view is not antagonistic to the decision of the court in Bradford v. Andrews et al., 20 Ohio St., 208, or in Sears v. Stinehelfer, 89 Ohio St., 163. In the former case the court held that where an action to contest a will was brought within the statutory period the plaintiff could not defeat the *297 contest by dismissing his petition, notwithstanding some of the parties were not'brought into the case until after the period of limitation had expired; but the court in announcing its conclusion in that case directs attention to the very significant fact disclosed by the record that a cross-petition also challenging the validity of the will involved in that action was filed before the period of limitation had expired or the original petition had been dismissed. The case was pending, and the court held merely that the action should proceed to trial and judgment upon the cross-petition and answers thereto.
In the case of Sears v. Stinehelfer, supra, it appears that Stinehelfer, who had purchased of the widow of testator a tract of land devised to her by will duly probated, was not made a party to an action thereafter brought to contest said will, and which resulted in the will being set aside. Subsequently, but within what period after the will was probated the record does not disclose, Stinehelfer filed his petition in the case referred to setting up the facts above stated, with the further allegation that the judgment setting aside the will was procured by fraud and collusion upon the part of the widow and other heirs, the widow offering no testimony to support the will and consenting that it be set aside. Stinehelfer sought to have the judgment opened up and the issue as to the validity of the will made and determined. This court affirmed the judgment of the court of appeals overruling a demurrer to the petition. We are unable, however, to see how the position of the defendant in error in this case is supported by the ruling of the court in *298 that case. At thé close of the opinion the court say: “If Stinehelfer is able to make it appear that the paper was the valid last will of the decedent, he is entitled to the opportunity of doing so.” But it does not follow that one not made a party, or, if made a party, served by publication, is entitled to an opportunity, after the period prescribed by statute has elapsed, to make it appear that the instrument in question is not the valid last will of the decedent. In the above case opportunity was sought to sustain a will set aside as a result of fraud and collusion, while in the instant case an opportunity is sought to challenge the validity of a will which under the law has become “forever binding,” a very vital distinction.
It is argued, however, that the rights of the defendant in error in this case were as effectively preserved by the provisions of Section 11632, General Code, as were the rights of Stinehelfer by the provisions of subdivision 4 of Section 11631. As previously pointed out, the defendant in error had been deprived of no right. The right which she possessed to contest the will was unaffected by the judgment entered, but expired with the lapse of time.
, Section 11632 is a remedial provision, enacted to prevent injustice and to furnish relief to those who would otherwise be wronged. It surely was not calculated to in any wise affect the statutes of repose, nor can it be construed to extend the period for the contest of a will, expressly limited by Section 12087. If it be so construed an additional period of five years of delay and uncertainty would *299 be imposed upon every estate, the settlement of which is dependent upon a will, where any party interested therein, no matter how remotely, is served by publication. Section 12087 contains an enumeration of the exceptions extending the time for contesting a will, and all others should be deemed excluded. Exceptions in such statutes are strictly construed, and cannot be enlarged even from considerations of apparent hardship or inconvenience. Powell et al. v. Koehler et al., 52 Ohio St., 103.
Section 12087 formerly included within its saving clause “persons absent from the state.” By amendment in 1898 (93 O. L., 81) that exception was dropped from the section. In view of the fact that nonresidents of the state ■ are served by publication, a holding by the court that Section 11632 applies to nonresident heirs in will-contest cases, and grants to them an extension of time to contest a will, would completely annul the action of the legislature amending Section 12087; for the clause dropped from that section would thus be reinserted by force of judicial construction. We may well adopt and apply here the language used by Justice Bradley in Case of Broderick’s Will, 21 Wall., 503: “The public interest requires that the estates of deceased persons, being deprived of a master, and subject to all manner of claims, should at once devolve to a new and competent ownership; * * * and that the result attained should be firm and perpetual.”
This policy of facilitating the settlement of estates has been clearly manifested by legislative *300 enactment in this state, and the statutes upon that subject should, in so far as possible, be so construed as to further that policy and fully accomplish the obvious purpose of their enactment.
For the reasons stated, the judgment of the court of appeals is reversed and that of the common pleas affirmed.

Judgment reversed.

Nichols, C. J., Wanamaker, Newman, Jones, Johnson and Donahue, JJ., concur.