(No. 12465.—Reversed and remanded.)

ROGER M. COHEN, Appellant, vs. JEANETTE M. COHEN et al. Appellees.

*Opinion filed February 20, 1919—Rehearing denied April 3, 1919.*

1. WILLS—*section 7 of Wills act is not a statute of limitation—construction.* Section 7 of the Wills act, concerning the contest of wills, is a statute conferring jurisdiction and not a statute of limitation; but that fact does not necessarily require the application of rules of construction different from those applied to a statute of limitation.

2. SAME—*section 7 of Wills act construed as to rights of infants.* Under section 7 of the Wills act the probate of a will after the lapse of one year is conclusive of the right to contest as to all persons interested who are under no disability, but infants may contest the will at any time up to within one year after attaining their majority, and are not required to either file the bill by a next friend within one year from the probate or else wait until after attaining majority.

3. SAME—*purpose of saving clause in section 7 of the Wills act.* The purpose of the saving clause of section 7 of the Wills act as to when a will may be contested after probate is to preserve the rights of persons who by reason of their disability are supposed to be unable to appreciate their rights and institute proceedings for their own protection during the continuance of the disability.

4. STATUTES—*the courts cannot disregard clear meaning though they may deem the act unwise.* Where the language of a statute clearly indicates what was the legislative intent, the courts are not authorized to disregard it or give the statute a different meaning because they consider it unwise.

5. SAME—*primary rule in construing statute.* The vital part or essence of a statute is the intent, and the primary rule of construction is to ascertain and give effect to that intent.

6. SAME—*purpose of statute may determine its meaning.* The object sought to be accomplished exercises a potent influence in determining the intent and meaning of a statute.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

HOLT, CUTTING & SIDLEY, for appellant.

JUDAH, WILLARD, WOLF & REICHMANN, for appellee the Chicago Title and Trust Company.

LEVIN & KRINSKY, for other appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county sustaining a demurrer to and dismissing a bill filed by appellant, Roger M. Cohen, a minor, by his next friend, to contest the will of his father.

Roger M. Cohen is the only son and heir-at-law of Peter Cohen, who died testate on or about March 9, 1916. The will of Peter Cohen was admitted to probate in Cook county April 17, 1916, and the bill to contest the will was filed in the circuit court of Cook county February 27, 1918, more than one year after the probate of the will and the granting of letters testamentary thereon. Certain defendants to the bill filed a demurrer thereto, and assigned as special cause of demurrer that more than one year had elapsed since the will was admitted to probate and before the bill to contest it was filed; that under the statute of Illinois complainant, if he could maintain a bill to contest it at all, could not do so until within the period of one year after becoming of age. At the time of the filing of the bill Roger M. Cohen was seven years of age. The circuit court entered a decree sustaining the demurrer "on the ground that the court has no jurisdiction of the cause, for the reason that the complainant is still a minor and that the bill of complaint was filed more than one year after the probate of the last will and testament of the said Peter Cohen." From the decree sustaining the demurrer and dismissing the bill this appeal is prosecuted.

The question presented for determination is whether a minor may, after the expiration of one year from the probate of a will and before attaining his majority, file a bill to contest it, or must he wait until attaining his majority and file his bill within one year after becoming of age.

Section 7 of the chapter of our statute on wills authorizes "any person interested," within one year after the probate of a will, to file a bill in chancery to contest its validity, "but if no such person shall appear within the time aforesaid, the probate shall be forever binding and conclusive on all of the parties concerned, saving to infants or *non compos mentis* the like period after the removal of their respective disabilities." It is contended by appellees, and appears from the decree to have been the view of the circuit court, that a minor heir is required to file a bill to contest a will within one year after its admission to probate or wait until becoming of age and file his bill within one year after that period arrives.

It is not controverted that statutes of limitation containing similar provisions to section 7 are construed to authorize an action to be commenced by a minor during the period of minority as well as during the added period after becoming of age, but appellees insist that rule is not applicable to will contests, because section 7 is not a limitation statute but is a statute conferring jurisdiction to entertain a bill to contest a will, which jurisdiction did not exist before the enactment of the statute, and being in derogation of the common law must be strictly construed. It is claimed that so construed and giving their ordinary meaning to the words of the statute, the probate of a will is binding and conclusive against a minor after the lapse of one year from the probate, as well as against adults under no disability until the minor has attained his majority.

It has been so often and uniformly held by this court that section 7 is not a statute of limitation but is a statute conferring jurisdiction that we deem it unnecessary to refer to the decisions. Cases, therefore, involving the construction of statutes of limitation are not necessarily conclusive of the question here involved if the language of section 7, the purpose of its enactment and the rules of construction require a different interpretation. There would

seem to be no valid basis in reason and justice for the distinction in construction contended for, between a statute of limitation and section 7 of the Wills act. Both are statutes of repose. *Milliken* v. *Marlin,* 66 Ill. 13, involved, among other questions, the construction of the statute of 1839 limiting the time within which an action might be brought for the recovery of land. The statute contained a saving clause in favor of *femes covert,* minors and insane persons, authorizing a suit to be commenced by any of those classes within three years after the removal of the disability. The court said: "And if a person within the saving clause may perform the acts within three years after the disability ceases, no reason is perceived why he may not, by those who can legally act for him, during its continuance. In fact, it would operate unjustly to hold that such a person could not sue and recover his property until after the disability terminated. It would in many cases operate as a deprivation of the party owning the property of its use and enjoyment during his life." True, that was said with reference to a statute of limitation, but the principle announced and the reason given for the decision are equally applicable to section 7, unless, as we have said, the language and purpose of said section preclude the application of that rule. Literally, section 7 reads that as against "any person interested" who does not appear within one year after the will is probated and file his bill to contest it, the probate shall be binding and conclusive "on all of the parties concerned, saving to infants or *non compos mentis* the like period after the removal of their respective disabilities." Considering the language used and the subject and purpose of the enactment we cannot attribute to the legislature an intention to provide that if a minor, or someone on his behalf, did not file a bill to contest a will within one year after its admission to probate, he should be precluded from contesting the will until he attained his majority. Certainly, if the language of the statute clearly indicated that

such was the legislative intent we would not be authorized to disregard it or give it a different meaning because we might consider it unwise. The vital part or essence of a statute is the intent, and the primary rule of construction is to ascertain and give effect to that intent. (Lewis' Sutherland on Stat. Const. sec. 363.) "A statute is to be construed with reference to its manifest object, and if the language is susceptible of two constructions, one of which will carry out and the other will defeat such manifest object, it should receive the former construction." (Ibid. 369.) The object sought to be accomplished exercises a potent influence in determining the intent and meaning of a statute. "Statutes must be interpreted according to the intent and meaning and not always according to the letter. A thing within the intention is within the statute though not within the letter, and a thing within the letter is not within the statute unless within the intention." *Perry County* v. *Jefferson County,* 94 Ill. 214.

Bearing in mind these general rules, it does not seem reasonable to attribute to the statute an intent to prohibit a minor or a person *non compos mentis* who fails to file a bill to contest a will within one year from its admission to probate, from doing so after the lapse of that period and until the disability is removed. The purpose of the saving clause is to preserve the rights of persons who by reason of their disability are supposed to be unable to appreciate their rights and themselves institute proceedings for their protection during the continuance of such disability. It seems unreasonable to suppose the legislature in enacting section 7 intended the one-year period for filing a bill to contest a will should apply alike to minors and adults under no disability, except that as to minors and persons *non compos mentis* they should be allowed one year to contest a will after the disability had determined, but until that time they should, after the lapse of one year from the probate, be prohibited from the exercise of that right. It seems clear

287 – 18

to us that the true intent and construction of the statute is that as to all persons interested who are under no disability the probate of the will after the lapse of one year is binding and conclusive but not so as to persons who are infants. They may contest it at any time up to within one year after attaining their majority. The language of the statute is easily capable of that construction, and considering the object and purpose of the statute we have no doubt such was the meaning and intention of the enactment.

The decree of the circuit court will be reversed and the cause remanded, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*