No. 22,750.

ANDREW ANDERSON et al., *Appellants*, V. S. H. PIPER, as Executor of the Will of HERMAN ANDERSON, Deceased, and MARTHA J. SKINNER, *Appellees*.

SYLLABUS BY THE COURT.

1. PRACTICE—*Action Voluntarily Dismissed—New Action Begun—Error in First Action, if Any, Waived.* Voluntary dismissal of their action by the plaintiffs after denial of their motion for a continuance, and immediate commencement of a second action for the same relief, waived error committed in denying the continuance.

2. SAME—*No Abuse of Judicial Discretion.* The proceedings examined, and *held*, the court did not abuse its discretion in refusing to reinstate the first action.

Appeal from Montgomery district court; ELMER C. CLARK, judge *pro tem.* Opinion filed June 5, 1920. Affirmed.

*T. H. Stanford,* of Independence, for the appellants; *F. C. Stanford,* of Independence, of counsel.

*S. H. Piper, Charles D. Shukers,* and *Chester Stevens,* all of Independence, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The notice of appeal includes two appeals under the above title. The first presents for review proceedings culminating in dismissal of an action without judgment on the merits. The second presents for review an order sustaining a demurrer to a second petition for the same relief.

The action was one to contest a will. The judge of the district court was disqualified, and the judge of another district was called to hear the case. On May 5 the case was set for trial on May 23, and all parties were notified. On May 23 the judge *pro tem.* appeared, called the case, and the defendants announced themselves ready for trial. The plaintiffs were not ready, and asked for a continuance, which was denied. Thereupon the plaintiffs dismissed the action. On the next day the plaintiffs refiled their suit. On July 5 the plaintiffs filed a motion to reinstate their former case, which was heard and denied in September.

Any error committed in denying the continuance was waived by the voluntary dismissal and commencement of the second action.

The evidence offered at the hearing of the motion to reinstate was directed to the situation at the time continuance was refused, and was conflicting. The motion was heard by the judge pro tem., and his determination of the matter is conclusive. The claim that the case was irregularly called for trial is not sustained, and nothing else approaching abuse of discretion is disclosed.

The appeal from the ruling sustaining a demurrer to the second petition is not argued, presumably because the subject is covered by the decision in the case of Medill v. Snyder, 71 Kan. 590, 81 Pac. 216.

The judgment of the district court is affirmed.