No. 24,392.

MINNIE D. SPIKER et al., *Appellees*, v. SARAH E. BURNS and MILBURN C. BURNS, *Appellants*.

SYLLABUS BY THE COURT.

ANTENUPTIAL CONTRACT—*Interpretation of Subsequent Will*. A man and a woman entered into an antenuptial contract which provided that on the death of the man his property should go one-fifth to the woman and one-fifth to each of his four children by a former marriage and that in the event of the death of any one of the children before the death of the man that child's share should go to the other children. Immediately after the marriage, the man executed a will, to which the wife consented, making the same disposition of his property. No provision was made for after born

children. A child was born of the marriage. The husband died and left surviving him all his children by his former marriage, the after born child, and his wife. *Held,* That his widow is entitled to one-fifth of the property left by him; that the after born child is entitled to one-tenth of the property; and that his four children by the former marriage are entitled to seven-fortieths each.

Appeal from Jackson district court; MARTIN A. BENDER, judge. Opinion filed April 7, 1923. Modified.

*T. A. Moxcey,* of Atchison, for the appellants.

*Thomas Fairchild,* of Holton, and *A. E. Crane,* of Topeka, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The defendants appeal from a judgment for partition of real property.

John T. Burns died in 1917, seized of certain real property in Jackson county. He had been married twice. By his first wife, he had four children, the plaintiffs, Minnie D. Spiker, Robert H. Burns, Jasper T. Burns, and Roscoe C. Burns; and by his second wife, he had one child, Milburn C. Burns, one of the defendants. Defendant Sarah E. Burns was his second wife. Immediately preceding their marriage, John T. Burns and Sarah E. Burns entered into an antenuptial contract which provided—

"That if the said Sarah E. Burns shall outlive the said John T. Burns and shall live with him during the continuance of said marriage, and be his wife at his death, shall receive of and from the estate of said John T. Burns a child's part and no more; that is, his estate shall be divided into an equal number of parts equal to the number of children of said John T. Burns, now living, plus one, that is five equal parts, and the said Sarah E. Burns shall receive one of said parts and no more, and in case any one or more of said John T. Burns' children die before the decease of said John T. Burns, then and in that case the remaining child or children shall receive and inherit the child's or children's share of his, said John T. Burns' estate, instead of the same or any part thereof, being received or inherited by said Sarah E. Burns."

"And it is further mutually agreed and understood by and between the parties to this agreement that the said John T. Burns may and shall have the perfect right to convey by will during the continuance of said marriage, all his real and personal property; and all property received by him in exchange for, or in any way resulting from the property he may now own and possess, and every part thereof to whomsoever he may choose except the said part above called a child's part to be received by said Sarah E. Burns, and said Sarah E. Burns hereby consents to said will and the said Sarah E. Burns hereby waives all rights that she may or might have under the law in marriage without the foregoing contract, and hereby consents to said will

and agrees to receive the share above stated to be received by her in case she outlives him in full of her interest and share of said estate."

On the day of and immediately after the marriage, John T. Burns executed his will, which contained the following:

"Second: I devise, bequeath and give all the remainder of real and personal property of whatsoever name or nature, or wheresoever the same may be located, to my beloved wife, Sarah E. Burns, Minnie D. Spiker, my daughter, Albert H. Burns, Roscoe C. Burns and Jasper T. Burns, my sons, share and share alike, but in case either one or more of my said children shall die before the death of my said wife, Sarah E. Burns, then the share of my said estate, which such deceased child would inherit if alive, shall go to and be inherited by the remaining child or children alive at my decease."

Sarah E. Burns in writing consented to that will. Judgment was rendered on the pleadings and the admission that Milburn C. Burns had married during the pendency of this action. Those portions of the pleadings that determine the rights of Sarah E. Burns are the contract and the will. The court found that the plaintiffs, Minnie D. Spiker, Albert H. Burns, Jasper T. Burns, and Roscoe C. Burns, each owned an undivided nine-fiftieths of the real property; that the defendant, Sarah E. Burns, owned an undivided nine-fiftieths; and that the defendant, Milburn C. Burns, owned an undivided five-fiftieths. Partition was ordered.

The ante-nuptial contract fixed the rights of Sarah E. Burns in the property. The will did not change nor attempt to change those rights, although it provided for a change in the interest of each child upon the death of any one of them before the death of John T. Burns. Section 11795 of the General Statutes of 1915 must be considered; it fixes the interest of Milburn C. Burns. That section reads:

"When a testator at the time of executing his will shall have a child absent and reported to be dead, or having a child at the time of executing the will shall afterwards have a child who is not provided for in the will, the absent child or the child born after the execution of the will shall take the same share of the estate, both real and personal, that it would have been entitled to if the testator had died intestate, toward raising which portion the devisees and legatees shall equally contribute in proportion to the value of what they shall respectively receive under the will, unless in consequence of a specific devise or bequest, or of some other provision in the will, a different apportionment among the devisees and legatees shall be found necessary, in order to give effect to the intention of the testator as to that part of estate which shall pass by the will."

Section 11790 of the General Statutes of 1915 should be noticed. That section reads:

"No man while married shall bequeath away from his wife more than one-half of his property, nor shall any woman while married bequeath away from her husband more than one-half of her property. But either may consent in writing, executed in the presence of two witnesses, that the other may bequeath more than one-half of his or her property from the one so consenting."

By her consent to the will, Sarah E. Burns accepted one-fifth of the property of her husband as her portion of his estate in lieu of the one-half given to her by law and consented that the remaining four-fifths might be given to her husband's children. No more can be taken from her without her consent. The devise to Sarah E. Burns was in consideration of marriage and was made pursuant to the ante-nuptial contract. 40 Cyc 1906 says:

"A legacy which is given in consideration of the legatee relinquishing some subsisting right or interest against the testator or his estate, as to a creditor in satisfaction of his debt, or to testator's wife in lieu of her dower, or to a testatrix's husband in lieu of his statutory interest in her estate, is entitled to priority over general legacies which are mere bounties, even though the bequest greatly exceeds the value of the right relinquished."

The contract and the will vested in Sarah E. Burns one-fifth of the property on the death of John T. Burns, and his children own the other four-fifths. Under section 11795, that four-fifths must be divided so as to give one-tenth of the whole estate to Milburn C. Burns and seven-fortieths thereof to each of the plaintiffs.

The district court is directed to enter judgment giving to Sarah E. Burns, one-fifth of the property; to the plaintiffs, Minnie D. Spiker, Albert H. Burns, Jasper T. Burns, and Roscoe C. Burns, seven-fortieths each; and to Milburn C. Burns, one-tenth of the property.

---

### OPINION ON REHEARING.
(Filed June 9, 1923.)

After the foregoing opinion had been filed, a rehearing was granted concerning the interest of Milburn C. Burns in the real property. After the order granting the rehearing had been made and on June 6, 1923, a stipulation containing the following language was filed:

"It is hereby stipulated and agreed that this controversy shall be settled, and that the defendant, Sarah E. Burns, widow, shall receive a one-fifth of the

real estate in controversy, and that each of the plaintiffs, and the defendant, Milburn C. Burns, children of John T. Burns, shall receive four-twenty-fifths thereof; and that this court shall reverse the judgment below in its entirety and remand the cause for further proceedings below, either in accordance with this stipulation or without direction according as this court shall deem proper in the premises."

In obedience to that stipulation, the order contained in the opinion directing the district court "to enter judgment giving to Sarah E. Burns, one-fifth of the property; to the plaintiffs, Minnie D. Spiker, Albert H. Burns, Jasper T. Burns, and Roscoe C. Burns, seven-fortieths each; and to Milburn C. Burns, one-tenth of the property," is set aside; and the cause is remanded to the district court with directions to enter judgment giving to Sarah E. Burns, one-fifth of the property, and to Minnie D. Spiker, Albert H. Burns, Jasper T. Burns, Roscoe C. Burns, and Milburn C. Burns, each four-twenty-fifths of the property.