No. 31,053

MERL MARKS VANDERWERKEN, *Appellant*, v. PHOEBE ASHLEY MARKS, and PHOEBE ASHLEY MARKS, Executrix of the Last Will and Testament of M. F. Marks, Deceased, *Appellees*.

(23 P. 2d 608.)

Opinion filed July 8, 1933.

*W. P. Waggener, J. M. Challiss, O. P. May, B. P. Waggener*, all of Atchison, and *Grant S. Bond*, of Walla Walla, Wash., for the appellant.

*Oscar Raines, Ralph F. Glenn, Ivah Raines Glenn* and *A. E. Crane*, all of Topeka, for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action in ejectment and for partition, and is here on plaintiff's appeal from an order striking out parts of an amendment to her petition. The defendants have a cross appeal on account of the court's ruling on their demurrer to the petition and amendment thereto.

The original petition, filed January 5, 1931, contains two causes of action: In the first, plaintiff alleges her residence, that she is the owner and entitled to the possession of an undivided one-half interest in certain described real estate, and that the defendants unlawfully keep her out of possession. In the second cause of action, plaintiff repeats by reference pertinent parts of the first cause, and alleges that the defendant, Marks, is executrix of the last will of M. F. Marks, deceased, and has collected rents arising from the real estate; that the estate of M. F. Marks is solvent, and there is

sufficient personal property to pay the obligations of the estate and the legacies under the will. The prayer is for ejectment and for partition. To this petition defendants filed a motion that plaintiff make her first cause of action more definite and certain by stating whether her claim of ownership was based upon a legal or equitable estate, and on August 11, 1931, she filed an amendment to her petition, alleging that M. F. Marks died April 24, 1930, leaving as heirs at law the plaintiff, his daughter, and the defendant, Phoebe Ashley Marks, his widow; that on May 13, 1930, his purported will was admitted to probate by the probate court of Jefferson county, and "that at the time the testator executed his will, he had a child absent and reported to be dead, said child being the plaintiff herein." Then follow allegations of lack of mental capacity of the testator, and that the will was executed under undue influence and its execution procured through fraudulent conduct of Phoebe Ashley Marks, and that the will should not be upheld but should be set aside and held to be of no force or effect in law. A copy of the will, dated November 29, 1929, and of a codicil, dated January 11, 1930, were attached to the amendment.

The defendants moved to strike all allegations of mental incapacity and undue influence, and all allegations and facts upon which plaintiff relies to contest and set aside the will, on the grounds of irrelevancy, redundancy and immateriality, and that the allegations of mental incapacity and undue influence constitute a new cause of action to contest the will, which is barred by the statute of limitations. At the same time a demurrer was filed. The court allowed the motion and overruled the demurrer.

On behalf of plaintiff it is urged that her first cause of action being in ejectment, under R. S. 60-2001, her petition is good in that she has stated all that the statute requires, and that under decisions of this court (*Taylor v. Danley,* 83 Kan. 646, 112 Pac. 595; *Pope v. Nichols,* 61 Kan. 230, 59 Pac. 257) she is entitled to prove any fact which would tend to strengthen her title or defeat her adversary, and that the amendment is not in conflict with the original petition and is only an amplification thereof and not the statement of a new cause of action, and decisions of this court in support of that general rule are cited. See *Custer v. Royse,* 110 Kan. 397, 402, 204 Pac. 995; *Wilber v. Ronnau,* 82 Kan. 171, 107 Pac. 772; *Railway Co. v. Moffatt,* 60 Kan. 113, 55 Pac. 837, and *Taylor v. Swift & Co.,* 114 Kan. 431, 435, 219 Pac. 516.

In *New v. Smith,* 86 Kan. 1, 7, 119 Pac. 380, it was said:

"The action in form is ejectment, but, as was shown by the undisputed evidence, to obtain the relief sought for the plaintiff must show that a deed of record from herself to one Schultz was fraudulently obtained from her. Looking beyond the mere form of the action to the real issue therein, we hold that the action is an action for relief on the ground of fraud and that the two-year limitation applies."

R. S. 22-218 provides for admission of a will to probate, and R. S. 1931 Supp. 22-222 provides:

"If no person interested . . . shall appear within one year from the time of the making of any order by a probate court, probating or refusing to probate the will and contest the same, such order shall be forever binding, . . ."

and by R. S. 1931 Supp. 22-223 it is provided that the mode of contest shall be by civil action in the district court. It was said in *Ferrier v. Ferrier,* 108 Kan. 130, 132, 193 Pac. 1071:

"The right to challenge the validity of the will by an independent action in the district court (as distinguished from an appeal, as to which see *Durant v. Durant,* 89 Kan. 347, 131 Pac. 613) existed solely by reason of the statute. The requirement that such an action, if maintained at all, must be begun within three years of the order of probate was not a mere statute of limitation applicable to a case of that kind; it was a condition upon which the right to bring such a proceeding was granted. (*Medill v. Snyder,* 71 Kan. 590, 594, 81 Pac. 216; see, also, 40 Cyc. 1240, note 99.)"

It should be noted that the limitation is now one year.

In R. S. 60-759 it is provided that the court or judge may amend any pleading by inserting other allegations material to the case "when such amendment does not change substantially the claim or defense."

To review briefly, the testator's will was admitted to probate May 13, 1930, the action in ejectment was filed January 5, 1931, and not until August 11, 1931, was the petition amended to contest the will. Up to the time the amendment was filed the petition stated two causes of action—in ejectment and in partition. The force and effect of the amendment was to introduce a new and distinct cause of action—a contest of the will. It might be noted that the only reference to the will in the original petition was in the cause of action for partition, and the only construction which can be placed upon the allegations therein is that the will be sustained. The effect of the amendment is just the contrary. Had the amendment been made within one year from the order admitting the will to probate, it would have been in time, but under the circumstances

here it was too late, and the court properly sustained the motion striking out the allegations setting up a contest of the will.

Interlarded with other allegations of the amendment to the petition is the allegation with respect to plaintiff being absent and reported dead at the time of the execution of the will. This was not an allegation of any fact upon which plaintiff relies to contest the will. As a different period of limitation applies thereto, and as it states a basis for plaintiff's claim of ownership, it is proper that it remain a part of the petition as amended. (*Williams v. Campbell,* 85 Kan. 631, 633, 118 Pac. 1074.)

In so far as the demurrer is concerned, defendants argue that as the time to contest the will has expired plaintiff is precluded from claiming, and rely upon R. S. 1931 Supp. 22-222 and decisions of this court interpreting that statute as it existed before it was amended, especially *Medill v. Snyder,* 71 Kan. 590, 81 Pac. 216. The difficulty with this argument is that it assumes that the rights of the absent child depend upon a contest of the will, which is not true (*Spiker v. Burns,* 113 Kan. 572, 214 Pac. 426). The child may be well content with every provision of the will with the single exception that, owing to his being absent and reported dead, he was given nothing. The statute (R. S. 22-243) provides:

"When a testator at the time of executing his will shall have a child absent and reported to be dead, . . . the absent child . . . shall take the same share of the estate, both real and personal, that it would have been entitled to if the testator had died intestate . . ."

and makes provision for contribution. Under its terms the rights of such child absent and reported to be dead are not dependent upon the will being contested (9 R. C. L. 41, 28 R. C. L. 81, 18 C. J. 838), and the trial court properly overruled the demurrer.

The judgment of the lower court is affirmed.