Zimmerman, J.,
 

 dissenting. Section 10504-32, General Code, confers upon an interested person the right to bring an action to contest the validity of a will within six months after its probate, with an extension of time in favor of those under legal disability. It is not a mere statute of limitation, but jurisdictional, prescribing the condition controlling the right to bring such a proceeding.
 
 McVeigh
 
 v.
 
 Fetterman,
 
 95 Ohio St., 292, 116 N. E., 518;
 
 Medill
 
 v.
 
 Snyder, Admr.,
 
 71 Kan.,
 
 *98
 
 590, 81 P., 216;
 
 Ferrier
 
 v.
 
 Ferrier,
 
 108 Kan., 130, 193 P., 1071;
 
 Cohen
 
 v.
 
 Cohen,
 
 287 Ill., 269,122 N. E., 543;
 
 Lewark
 
 v.
 
 Dodd,
 
 288 Ill., 80, 123 N. E., 260.
 

 “ £A wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance time is made an essence of the right created and the limitation is an inherent part of the statute or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation. A lapse of the statutory period operates therefore, to extinguish the right altogether.’ ”
 
 Errett, Guardian,
 
 v.
 
 Howert,
 
 78 Ohio St., 109, 112, 84 N. E., 753, 754.
 

 Section 12080, General Code, states the necessary parties to a will contest in the following language: “All the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to the action. ’ ’
 

 It is therefore my view that an action to contest a will must be “commenced” (Section 11279
 
 et seq.,
 
 General Code) as to all necessary parties within six months after the probate of the will, or the action fails.
 

 I am unable to see how Section 11230, General Code, has any bearing on a case of this kind. That section reads: “An action shall be deemed to be commenced
 
 within the meaning of this chapter,
 
 as to each defendant, at the date of the summons which is served on him or on a co-defendant who is a joint contractor, or otherwise united in interest with him. * * *”
 

 (Italics mine.)
 

 The phrase “within the meaning of this chapter” can only have reference to the chapter in which the section is found, entitled “Limitation of Actions.” Embraced in that chapter are pure statutes of limitation, which if not pleaded in defense are deemed to be waived. Statutes of this character are quite different from “special statutory limitations qualifying a given
 
 *99
 
 right” to which latter classification Section 10504-32, General Code, belongs.
 

 On its face,
 
 Bradford
 
 v.
 
 Andrews,
 
 20 Ohio St., 208, 5 Am. Rep., 645, is opposed to my position. That case was decided in 1870. It is my view that the statutory changes and additions now make it obsolete.
 

 The constant tendency has been to shorten the period within which an action to contest a will may be brought, for the obvious purposes of accelerating the settlement of estates and promptly fixing property rights. The effect of the majority opinion is not in furtherance of those objects.
 

 My opinion is, of course, based on the existing statutes. If the rule for which I am contending should prove too harsh in too many cases, the situation could be remedied by the General Assembly.
 

 Since in the instant case the action was not “commenced” within six months after the probate of the will,.by failure to summon the necessary parties, the lower courts reached the right conclusion and their judgments should be affirmed.