The People of the State of Illinois ex rel. Oscar Nelson, Plaintiff, v. Ottawa Banking and Trust Company of Ottawa, Illinois, Defendant.
In re Petition of Edward T. Ryan, Clerk of Circuit Court of La Salle County, Appellee, v. Charles H. Albers, Receiver of Ottawa Banking and Trust Company of Ottawa, Appellant.

Gen. No. 9,459.

382

Opinion filed October 11, 1939.

GEORGE. V. B. WEEKS, of Ottawa, for appellant.

TAŸLOR E. WILHELM and C. A. HELFFRICH, both of Ottawa, for appellee.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

The Ottawa Banking and Trust Company of Ottawa, Illinois suspended business on September 28, 1931. Subsequently this proceeding was instituted in the circuit court of La Salle county to liquidate said institution and on January 21, 1932 a decree was rendered finding that the auditor of public accounts had taken possession of all of the assets of the bank, that an examination of its assets disclosed it to be insolvent and that Joseph H. Standart had been appointed, by the auditor, the receiver of said institution. The decree authorized the receiver to seek the aid and direction of the court in the various problems that might arise in the liquidation of said bank and that he be authorized and directed to file proper petitions in all cases where it might be necessary to sell or compromise bad or doubtful debts and in the sale of all real or personal property belonging to the bank, such sales or compromises to be made only upon the order of the court and subject to its approval. The court expressly reserved jurisdiction of the parties and the subject

matter of the cause and directed that it should stand upon the docket of the court until all matters in connection with the liquidation of the bank were disposed of by the decree of the court. In pursuance to the provisions of this decree and section 11 of ch. 16½, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 10.11], the circuit court of La Salle county, between January 21, 1932 and April 18, 1938 entered and rendered 292 separate orders and decrees, containing 393,160 words. From this total of 393,160 words the clerk deducted 1,500 words and presented a claim to the receiver, as such circuit clerk, for recording in the amount of $580.49, having credited the receiver with $7.00 theretofore paid by the receiver to the clerk. The receiver refused to pay the amount, whereupon the clerk filed, in the original liquidation proceeding, his intervening petition, and upon a hearing before the chancellor, an order was entered finding that the amount due the clerk was $580.49 for recording orders and decrees in this cause and directing the receiver to pay said sum to the clerk in due course of administration of said receivership. From this order the receiver appeals.

Section 14 of the Act of 1872, being present section 31, of chapter 53 of the Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 48.013], provides, among other things, that the fees of the clerk of the circuit court in counties of the first and second class shall be paid in advance and shall be as follows: "For recording decrees, reports of a master, receivers, trustees, commissioners or a commissioner, or other like officers fifteen cents for each one hundred words: Provided, however, there shall be no charge for recording the first 1,500 words of any decree." La Salle county is a second class county and the foregoing section of the statute is therefore applicable. It is the contention of appellant in this proceeding that this statute exempts him from paying any fee for recording the first 1,500 words of each and every order or decree entered in this cause;

that of the 292 orders and decrees recorded by the clerk, 189 of them contained 1,500 words or less, and that under the provisions of the statute, the recorder was obliged to record each of these 189 orders and decrees without charge. Counsel for appellant argue that this suit is not a continuous proceeding so far as the recording of orders and decrees is concerned but that each order and decree entered is a separate order and decree and must be so considered under the statute. Counsel for the circuit clerk insists that the statute entitles the clerk to collect recording fees for recording all orders and decrees at the statutory rate, deducting, however, the first 1,500 words of recording. And counsel for appellee argue that this is but one continuous suit and must be so regarded, irrespective of the number of words entered and recorded.

In our opinion there is no merit in appellant's contention. It is only fair and reasonable to assume that the purpose of the statute in providing that circuit clerks should charge certain fees for their services is to enable the clerks to collect a fair and reasonable amount for the services rendered by their offices so that those offices may be to a greater or less extent self-sustaining. Statutes must be interpreted according to the legislative intent and as frequently stated, "A thing within the intention of the statute is within the statute 'though not within the letter of the statute, and a thing within the letter is not within the statute unless within the intention of the law makers." *Cohen v. Cohen,* 287 Ill. 269. We are of the opinion that for the purpose of taxing costs the word decree in this statute is synonymous with the word order. It is true that every order and decree entered by the court in this liquidation suit is a separate order and decree but there is only one suit or proceeding and that is the original suit of the People of the State of Illinois instituted on the relation of and in the name of the auditor of public accounts and instituted by the People against the

Ottawa Banking and Trust Company, a banking corporation. Upon that suit being instituted against the Ottawa Banking and Trust Company, a hearing was had and the original decree rendered, which specifically provided that the bank should be liquidated under the orders of the circuit court and it was these orders and decrees subsequently rendered by the circuit court and which in many instances have to do with the title to real estate which were recorded.

In this argument counsel for appellant state that circuit clerks are paid a salary and that while the recording of a large number of orders and decrees in a particular case may affect the earnings of a clerk's office, it does not affect his salary. Counsel further suggest that it is common knowledge that depositors seldom receive through liquidation of a closed bank the full amount of their deposits and suggest that it would be more equitable for the taxpayers to pay the clerk the cost of recording rather than to compel the receiver to pay it and thereby reduce the amount which the depositors might receive in the way of dividends. Of course with this argument we have nothing to do. The only question presented for us is the construction of the applicable provision of the statute and in our opinion the statute requires appellant, as all other individuals, to pay the circuit clerk for the services rendered by his office. It is conceded that if appellee is entitled to anything, he is entitled to the amount which the chancellor directed the receiver to pay him in the administration of his trust. The order is clearly right and will be affirmed.

*Order affirmed.*